Weiss et al. v. Corn, 203 Ill. App. 261.

## Henry Weiss and Samuel S. Schwartz, Defendants in Error, v. S. A. Corn, Plaintiff in Error.

### Gen. No. 21,275.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment. Opinion filed January 17, 1917.

### Statement of the Case.

Action by Henry Weiss and Samuel S. Schwartz, plaintiffs, against S. A. Corn, defendant, to recover the sum of $942.85 for goods sold and delivered. From a judgment for defendant for costs upon a nonsuit, plaintiffs bring error.

MARTIN L. WILBORN, for plaintiff in error.

BERNARD J. BROWN, for defendants in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 43*—*when motion for nonsuit is too late.* Where motion for a nonsuit was not made until after the trial judge had stated that he did not see how the plaintiffs could recover or what he could do but allow the defendant's motion for a finding in his favor, *held* that such motion for a nonsuit was an admission that the plaintiffs had been informed of the court's conclusion, and was too late.

2. MUNICIPAL COURT OF CHICAGO, § 29*—*how fourth-class case must be decided on review.* Under section 23 of the Municipal Court Act (J. & A. ¶ 3335), it is the duty of the Appellate Court in a fourth-class case to decide the case upon its merits as appearing from the statement or stenographic report signed by the trial judge.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MUNICIPAL COURT OF CHICAGO, § 29*—*when finding of trial court will not be disturbed.* Where, in a fourth-class case under the Municipal Court Act, the evidence was conflicting and the trial judge at the conclusion of the evidence made a résumé and analysis of the effect thereof and conclusion that the defendant had established his defense, *held* that the plaintiffs had failed to make out their alleged case by a preponderance of the evidence.